NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL E. CLARK,

Plaintiff-Appellant,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,

Defendant-Appellee.

No. 21-15128

D.C. No. 2:19-cv-02178-JAD-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Michael E. Clark appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging a municipal policy or custom of conducting

false arrests.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

In his opening brief, Clark fails to address the district court's summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment, and he has therefore waived his challenge to those portions of the district court's order. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court did not abuse its discretion by denying Clark's motion to extend the deadline set forth in the scheduling order to amend his complaint because Clark did not show good cause for the extension. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (setting forth standard of review and holding that modification of a pretrial scheduling order after the applicable deadline has passed requires a showing of good cause, which "primarily considers the diligence of the party seeking the amendment").

We reject as without merit Clark's contention that the district judge was biased against him.

**AFFIRMED.**